UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN EUGENE JEFFERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FRESNO; FRESNO POLICE DEPARTMENT; and FRESNO CITY COUNTY SPCA,<br><br>　　　　Defendants.<br>_____/ | **CASE NO. 1:16-cv-01298-LJO-SKO**<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE**<br><br>(Doc. 1)<br><br>**OBJECTIONS DUE: 14 DAYS** |

### I.　　INTRODUCTION

On September 1, 2016, Plaintiff Brian Eugene Jefferson ("Plaintiff"), proceeding *pro se*, filed this action against Defendants City of Fresno, Fresno Police Department, and "Fresno City County SPCA" ("Defendants").[1]  (Doc. 1.)  For the reasons set forth below, the Court RECOMMENDS that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

//

//

---

[1] Along with his complaint, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and a "Motion to Release."  (Docs. 2, 3.)

1

## II. PLAINTIFF'S COMPLAINT

Plaintiff alleges that he "very briefly" and "reluctantly" left three nationally-recognized highly-trained service dogs "tied by chain to each with water available, on private property not owed by Fresno City, County nor any other public government agent envalved [sic] in such ownership of such private property." (Doc. 1, p. 5.) Plaintiff contends that "between Fresno city/code inforcement [sic] and Fresno Police Department, [the] service hounds ended up in possetion [sic] of SPCA," and that the "SPCA wants money's [sic] pryor [sic] to returning [the] hounds and have nearve [sic] to ask for proof of service, vaccinations, as they redicule [sic] my clients in that case." (*Id.*)

Plaintiff seeks "[a]n immediate return of the ROYAL SERVICE HOUNDS . . . with a imediate [sic] stop order of any further alteration" and "[n]o more further handling of any kind of such Animals in question." (Doc. 1, p. 6.)

## III. SCREENING STANDARD

In cases where the plaintiff is seeking to proceed *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint may not simply allege a wrong has been committed and demand relief. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 570). Further, while factual allegations are accepted as true, legal conclusions are not. *Id.* (quoting

*Twombly*, 550 U.S. at 555).

Finally, pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri*, 901 F.2d at 699. Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

## IV.   DISCUSSION

### A.   Plaintiff Has Not Pleaded Any Viable Federal Claim.

Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is determined and must exist at the time the complaint is filed. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to original complaint, and not amended complaint, for subject matter jurisdiction).

This Court has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties, (*id.*,) and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear his claims.

Plaintiff alleges the following bases for federal question jurisdiction: "ADA and Code of Federal Regulations § 36.202," 28 U.S.C. § 1331, and 28 U.S.C. § 1332. (Doc. 1, p. 4.) At the outset, 28 U.S.C. sections 1331 (federal question) and 1332 (diversity) are purely jurisdictional statutes that do not, on their own, create a private right of action. *See Montana-Dakota Util. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 249 (1951) ("The Judicial Code, in vesting

jurisdiction in the District Courts, does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions."). *See also White v. Paulsen*, 997 F. Supp. 1380, 1382-83 (E.D. Wash. 1998) (citing *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1474-75 (9th Cir. 1994)).

Plaintiff's remaining basis for federal question jurisdiction is the "ADA and Code of Regulations § 36.202." Title 28 C.F.R. section 36.202 mirrors the language of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12182(b)(1)(A), which, although unclear, is the presumably the section of the ADA that Plaintiff alleges is at issue. Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). *See also Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010). Title 28 C.F.R. section 36.202 similarly prohibits discrimination on the basis of a disability or disabilities by a "public accommodation." 28 C.F.R. § 36.202.

Liberally construed, Plaintiff's complaint does not plead any discrimination on the basis of disability by a public accommodation; instead, Plaintiff claims that Defendants, who are all public entities, improperly removed his service dogs from his private property. (Doc. 1, p. 5.) At best, this is a state law claim for conversion. Plaintiff fails to state a claim under Title III[2] of the ADA and 28 C.F.R. § 36.202, thereby depriving the Court of federal question jurisdiction under 28 U.S.C. § 1331. Because Plaintiff has not articulated any cognizable federal claim over which this Court may assert jurisdiction, dismissal is recommended. *Bender*, 475 U.S. at 541; *Kokkonen*, 511 U.S. at 377; *Vacek*, 447 F.3d at 1250; *Cal Diversified*, 505 F.2d at 1380.

//

//

---

[2] To the extent that Plaintiff's complaint against Defendants is construed to assert a claim under Title II of the ADA, which prohibits discrimination by a public entity, such claim fails because Plaintiff does not plead that he is a qualifying individual who was subjected to discrimination on the basis of a disability by a public entity. *See* 42 U.S.C. § 12132.

4

**B.    The Court Lacks Diversity Jurisdiction over Plaintiff's Claim(s).**

Plaintiff also alleges diversity jurisdiction over his claim(s). (Doc. 1, p. 3.) Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between "citizens of a State and citizens or subjects of a foreign state." In other words, the plaintiff and the defendant must be citizens of different states to satisfy the complete diversity requirement of section 1332. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806) (no plaintiff can be a citizen of the same state as any of the defendants). Here, although Plaintiff alleges he is a citizen of the State of "ONE UNDER GOD" (Doc. 1, p. 4), elsewhere in his complaint Plaintiff indicates that he is a citizen of California.[3] (Doc. 1, p. 1.) The allegations in the complaint and the civil cover sheet indicate that Defendants are also all citizens of California.[4] (Docs. 1, 1-1.) Because it appears that Plaintiff and Defendants are all citizens of California, complete diversity is lacking. *Garcia-Cardenas v. Immigration Legal Servs.*, APC, No. 1:13-CV-01065-AWI, 2013 WL 4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge*, 7 U.S. at 267). Because there is no diversity jurisdiction, this Court must dismiss Plaintiff's complaint for lack of jurisdiction, with prejudice. *See Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir. 2001) ("[I]f the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

---

[3] In addition, Plaintiff's exhibit submitted in support of his "Motion for Release" states that he is a resident of California (Doc. 3, p. 4). *See Thompson v. U.S. Postal Serv.*, No. C 12-0301 PJH, 2012 WL 3583134, at *1 (N.D. Cal. Aug. 20, 2012) ("In determining whether it has subject matter jurisdiction, a court is not limited to the allegations of the complaint, but may consider facts outside the pleadings." (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003)).

4 Plaintiff's caption also names "Lean Management," "FizzoLean Ent," and "Coast 2 Coast Detail & Polishing." (Doc. 1, p. 1.) Plaintiff is advised, however, that corporate entities "may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broadcasting Co.*, Inc., 3 F.3d 1244, 1245 (9th Cir.1993); *see also Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n,* 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202. Additionally, this Court's Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney."

**B.     Amendment Would Be Futile**

The complaint has not set forth any viable federal claim, and there is not complete diversity between the parties.  Because Plaintiff has failed to plead facts invoking the Court's jurisdiction, the complaint should be dismissed.  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").  Moreover, amendment would be futile because there is no set of facts Plaintiff could allege in an amended complaint to establish jurisdiction over his claims.  Accordingly, the action should be dismissed with prejudice and without leave to amend.

### V.     CONCLUSION AND RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **November 4, 2016**                              /s/ *Sheila K. Oberto*
                                                                                  UNITED STATES MAGISTRATE JUDGE