# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN EUGENE JEFFERSON; LEAN
MANAGEMENT; FIZZOLEAN ENT; and
COAST 2 COAST DETAIL &
POLISHING,

               Plaintiffs,

    v.

CITY OF FRESNO/CODE
ENFORCEMENT; CENTRAL
CALIFORNIA SPCA; FRESNO POLICE
DEPARTMENT; COUNTY OF
FRESNO/SHERIFF DEPARTMENT;
POVERELLO HOUSE; and UNITED
STATES DISTRICT COURT, EASTERN
DISTRICT OF CALIFORNIA,

               Defendants.

_____/

**CASE NO. 1:16-cv-01298-LJO-SKO**

**FINDINGS AND
RECOMMENDATIONS THAT
PLAINTIFFS' AMENDED
COMPLAINT BE DISMISSED WITH
PREJUDICE AND WITHOUT LEAVE
TO AMEND**

(Doc. 6)

**OBJECTIONS DUE: 14 DAYS**

## I.      INTRODUCTION

On September 1, 2016, Plaintiff Brian Eugene Jefferson ("Plaintiff" or "Jefferson"),
proceeding *pro se*, filed this action against Defendants City of Fresno, Fresno Police
Department, and "Fresno City County SPCA" ("Defendants"), along with an application to
proceed *in forma pauperis* and a "Motion to Release." (Docs. 1–3.) On November 4, 2016, the

undersigned recommended that Plaintiff's complaint be dismissed with prejudice and without leave to amend. (Doc. 4.) On January 6, 2017, the Court adopted the undersigned's findings and recommendations, but permitted Plaintiff leave to amend to plead a claim under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("Title II"). (Doc. 5.) Plaintiff's amended complaint was due to be filed by February 6, 2017. (*See id.*) On February 10, 2017, Plaintiffs Jefferson, "Lean Management," "Fizzolean Ent," and "Coast 2 Coast Detail & Polishing" (collectively "Plaintiffs") filed an amended complaint against "City of Fresno/Code Enforcement," Central California SPCA, Fresno Police Department, "County of Fresno/Sheriff Department," Poverello House, and "United States District Court, Eastern District of California." [1] (Doc. 6.) Along with their amended complaint, Plaintiffs filed a "Motion the Court to issue subpoena all complaints, Reports, Citations, Officers involved to be ordered to restrain against further undue unjust harassment against my clients." (Doc. 7.)

After screening Plaintiffs' amended complaint, the Court finds that despite the explicit recitation of the deficiencies of Plaintiff Jefferson's original complaint, Plaintiffs have failed to demonstrate any violation of Title II of the ADA. Accordingly, the Court RECOMMENDS that Plaintiffs' amended complaint be DISMISSED with prejudice and without leave to amend.[2]

//

//

---

[1] Plaintiffs "Lean Management," "Fizzolean Ent," and "Coast 2 Coast Detail & Polishing" appear to be artificial entities, not natural persons. As the Court previously advised Plaintiff Jefferson, *see* Doc. 4 at 5 n.4, such entities "may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir.1993); *see also Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel).

[2] The untimeliness of Plaintiffs' amended complaint is alone grounds for dismissal with prejudice. *See* Rule 183(a) of the Local Rules of the United States District Court, Eastern District of California ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules."). *See also Johnson v. KHS & S Contractor*, No. 2:11–cv–00109 GEB KJN PS, 2011 WL 2470682, at *2 (E.D. Cal. June 20, 2011) ("[A] district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.") (collecting cases). Nevertheless, the Court has screened the amended complaint.

## II.     PLAINTIFF'S COMPLAINT

Plaintiff Jefferson alleges that he "very briefly" left three nationally-recognized highly-trained service dogs "reluctantly tied by chain to separate trees each with shade, water, all available on a private lot." (Doc. 6 at 9.)  Plaintiff Jefferson alleges further that he "return[ed] to the lot about one half hour later to see that the dogs had been moved & personal property items were being dumped into what looked like a garbage bin type truck." (*Id.*)

Plaintiffs seek "[t]otal and complete asservation [sic], Assignment of Analysis/per all financial cost & damages," "[a]ssignment of all rights & orders reinstated, General Guarantee, General Improvements, General Fund, General Pardon to Full amnesty," and "[a]ssignment of Benefits fund per reguards [sic] gov vs Plaintiff or gov agency vs Plaintiff."  (Doc. 6 at 10.)

## III.     SCREENING STANDARD

In cases where the plaintiff is seeking to proceed *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint may not simply allege a wrong has been committed and demand relief.  The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). Further, while factual allegations are accepted as true, legal conclusions are not.  *Id.* (quoting *Twombly*, 550 U.S. at 555).

//

Finally, pro se pleadings are liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri*, 901 F.2d at 699.  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

## IV.    DISCUSSION

### A.    Plaintiffs Have Not Pleaded Any Viable Federal Claim.

Federal courts have no power to consider claims for which they lack subject-matter jurisdiction.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Subject matter jurisdiction is determined and must exist at the time the complaint is filed.  *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to original complaint, and not amended complaint, for subject matter jurisdiction).  This Court has an independent duty to consider its own subject-matter jurisdiction and must dismiss an action over which it lacks jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").  The burden is on Plaintiffs to allege facts establishing the existence of jurisdiction to hear their claims.

Plaintiffs allege the following bases for federal question jurisdiction: "ADA and Code of Federal Regulations § 36.202," 28 U.S.C. § 1331, and 28 U.S.C. § 1332.  (Doc. 8 at 8.)  At the outset, 28 U.S.C. sections 1331 (federal question) and 1332 (diversity) are purely jurisdictional statutes that do not, on their own, create a private right of action.  *See Montana-Dakota Util. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 249 (1951) ("The Judicial Code, in vesting jurisdiction in the District Courts, does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions.").  *See also*

*White v. Paulsen*, 997 F. Supp. 1380, 1382-83 (E.D. Wash. 1998) (citing *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1474-75 (9th Cir. 1994)).

Plaintiffs' remaining basis for federal question jurisdiction is the "ADA and Code of Regulations § 36.202." Title 28 C.F.R. section 36.202 mirrors the language of Title III of the ADA, 42 U.S.C. section 12182(b)(1)(A), and, like the original complaint, Plaintiffs' amended complaint fails to state a claim under either Title III or Title 28 C.F.R. section 36.202 because it does not plead any discrimination on the basis of disability by a public accommodation. *See* 42 U.S.C. § 12182(a) (prohibiting discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."); 28 C.F.R. § 36.202 (prohibiting discrimination on the basis of a disability or disabilities by a "public accommodation.")

The Court now turns to the question of whether Plaintiffs adequately plead a claim under Title II of the ADA, which is the *sole* basis for which Plaintiff Jefferson was granted to leave to amend. (*See* Doc. 5 at 2 ("[T]he Court adopts the F&Rs with the modification that leave to amend will be permitted as to a Title II claim *only*.") (emphasis added)). As the Court explained in its January 6, 2017 Order granting leave to amend, cases construing Title II authorize several different types of ADA claims: (i) those brought under an intentional discrimination (or "disparate treatment") theory; (ii) those brought under a "disparate impact" theory; and (iii) those brought under a "failure to accommodate" theory. (*Id.* (citing *McGary v. City of Portland*, 386 F.3d 1259, 1266 (9th Cir. 2004)). Based upon the facts pled in Plaintiffs' amended complaint, the only theory that appears even arguably applicable to this case is "disparate impact," which, as pointed out in the Court's January 6, 2017 Order, requires a plaintiff to allege the existence of a facially neutral policy or decision that, because of his disability, effectively precludes him from "meaningful access" to a public service. (*Id.* (citing *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1102 (9th Cir. 2013)).

Plaintiffs' amended complaint does not allege the existence of any policy or decision – facially neutral or otherwise – that has denied Plaintiffs meaningful access to a public service.

Instead, Plaintiff Jefferson again claims that his dogs had been "moved" from his private property, and makes the new allegation that his personal property had been "dumped into what looked like a garbage bin type truck." (Doc. 6 at 9.) These allegations fail to support a Title II claim under either a disparate impact theory or any other theory of liability under the ADA.

Because Plaintiffs have not articulated any cognizable federal claim over which this Court may assert jurisdiction, dismissal is recommended. *Bender*, 475 U.S. at 541; *Kokkonen*, 511 U.S. at 377; *Vacek*, 447 F.3d at 1250; *Cal Diversified*, 505 F.2d at 1380.

## B. The Court Lacks Diversity Jurisdiction over Plaintiffs' Claim.

As in the original complaint, Plaintiffs also allege diversity jurisdiction over their claim. (Doc. 6 at 3.) Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." In other words, Plaintiffs and Defendants must be citizens of different states to satisfy the complete diversity requirement of section 1332. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen of the same state as any of the defendants); *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that diversity jurisdiction requires "complete diversity of citizenship")). Here, although Plaintiffs assert that they are all citizens of the State of "One Soul Nation Under GOD (a Solemn Religious Asseration [sic] in the Nature of Oath" (Doc. 6 at 5, 8), elsewhere in the amended complaint Plaintiff Jefferson indicates that he is a citizen of California.[3] (Doc. 6 at 1, 2, 5. *See also* Doc. 6-1 (civil cover sheet).) The allegations in the complaint and the civil cover sheet indicate that Defendants are also all citizens of California. (Docs. 6, 6-1.) It appears that Plaintiff Jefferson and Defendants are all citizens of California, therefore complete diversity is lacking. *Garcia-Cardenas v. Immigration Legal Servs.*, APC, No. 1:13-CV-01065-AWI, 2013 WL 4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge*, 7 U.S. at 267). Because

---

[3] In addition, Plaintiff Jefferson's exhibit submitted in support of his "Motion for Release," filed with his original complaint, states that he is a resident of California (Doc. 3 at 4). *See Thompson v. U.S. Postal Serv.*, No. C 12-0301 PJH, 2012 WL 3583134, at *1 (N.D. Cal. Aug. 20, 2012) ("In determining whether it has subject matter jurisdiction, a court is not limited to the allegations of the complaint, but may consider facts outside the pleadings." (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003)).

there is no diversity jurisdiction, this Court must dismiss Plaintiffs' amended complaint for lack of jurisdiction, with prejudice. *See Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir. 2001) ("[I]f the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

**B.    Amendment Would Be Futile**

The amended complaint has not set forth any viable federal claim, and there is not complete diversity between the parties. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). Plaintiff Jefferson has demonstrated that he is unable to marshal facts sufficient to constitute a cognizable claim under Title II of the ADA, despite being afforded leave to do so. *See, e.g., Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996); *McHenry,* 84 F.3d at 1177–78, 1180 (dismissal with prejudice appropriate where deficiencies of complaint were explained, time was afforded to amend, and the plaintiff was warned that failure to cure deficiencies would result in dismissal). Because Plaintiffs have failed to plead facts invoking the Court's jurisdiction, the amended complaint should be dismissed. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

## V.    CONCLUSION AND RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiffs' amended complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**April 20, 2017**__ _____/s/ Sheila K. Oberto_____
                                              UNITED STATES MAGISTRATE JUDGE